BILL LOCKYER
Attorney General
THEODORA BERGER
Senior Assistant Attorney General
SUSAN S. FIERING
State Bar No. 121621
Deputy Attorney General
1515 Clay Street, Suite 2000
P.O. Box 70550
Oakland, CA 94612
Telephone: (510) 622-2142
Fax: (510) 622-2270
Attorneys for DEPARTMENT OF TOXIC SUBSTANCES CONTROL

ORIGINAL

FILED
DEC 29 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br>Plaintiff,<br>v.<br>ESTATE OF LEONARD STEARNS, et al.<br>Defendants, | Case No.: 1:02-cv-05703 TAG ~~CIV-F-02-5703-[redacted] TAG~~<br><br>STIPULATION FOR SATISFACTION OF JUDGMENT AND ~~[PROPOSED]~~ ORDER<br>(Doc. 121) |

Plaintiff, the Department of Toxic Substances Control ("Department") and Defendant Maurice Gubler hereby enter into this Stipulation for Satisfaction of Judgment and [Proposed] Order (hereinafter "Stipulation and [Proposed] Order") as follows:

1. On June 13, 2002 the Department filed a Complaint pursuant to the provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. sections 9601 *et seq.*, against a number of defendants, including Gubler. On July 16, 2002 the Department filed a First Amended Complaint (hereinafter jointly "Complaint").

2. The Complaint involves the alleged release or threatened release of hazardous substances in, at, around, and from property located at 12433 United Street, Kern County,

California, approximately four miles south of the community of Mojave. ("UMR Site" or "Site") The Complaint seeks, among other things, recovery of "response" costs (as that term is used in CERCLA and defined in 42 U.S.C. section 9601(25)) incurred by the Department in monitoring, assessing, and evaluating the alleged release and threatened release of hazardous substances in, at, from, and around the UMR Site and in removing, remediating and overseeing the removal and remediation of hazardous substances, in, at, from, and around the UMR Site.

3. On October 4, 2004, this Court entered Judgment against Gubler in the amount of $940,851.36. A copy of the Judgment is attached hereto as Exhibit A.

4. The Department and Gubler agree that the United States District Court for the Eastern District of California, Magistrate Judge Teresa A. Goldner, presiding, has subject matter jurisdiction over the matters alleged in this action and personal jurisdiction over the parties to this Consent Decree.

5. The Stipulation and [Proposed] Order was negotiated and executed by the Department and Gubler in good faith to avoid prolonged and complicated litigation and to further the public interest.

6. The Stipulation and [Proposed] Order represents a fair, reasonable and equitable settlement of the matters addressed herein as to all parties which have an interest in this litigation.

7. Thirty (30) from the date on which the Court approves and enters the Stipulation and [Proposed] Order, Gubler shall pay $34,000 to the Department. Gubler shall pay the amount set forth above by cashiers check payable to the California Department of Toxic Substances Control and identified with the docket number of this case and "Site No. 100177." Payment shall be mailed to:

Department of Toxic Substances Control
Accounting/Cashier
P.O. Box 806
Sacramento, CA 95812-0806

A copy of the check shall be mailed to:

Susan S. Fiering
Office of the Attorney General
1515 Clay Street, 20th Floor

P.O. Box 70550
Oakland, CA 94612

8. Within thirty (30) days of receipt of the amount set forth above, the Department will file a satisfaction of the Judgment as to Gubler.

9. The filing of the Satisfaction of Judgment shall not discharge any other potentially responsible parties from the terms of any judgments entered against them or from any liability to the Department in this matter, except that the amount of any payment actually made by Gubler in this matter shall reduce the liability of the other parties by that amount.

10. In entering into this Stipulation and [Proposed] Order the Department has specifically relied on financial information provided by Gubler demonstrating that he does not have the ability to pay the entire judgment against him. Gubler warrants and represents that the financial information he has presented to the Department is truthful and that his financial status has not change materially since the time he provided the financial information. This Stipulation and [Proposed] Order is conditioned upon the veracity and completeness of the financial information provided by Gubler, as set forth above.

11. Gubler hereby covenants not to sue and not to assert any claims or causes of action against DTSC, its authorized officers, employees, or representatives with respect to the Site, including but not limited to: (i) any direct or indirect claim for reimbursement from DTSC, or any State fund, under any provision of law; (ii) any claim against the State of California under sections 107 or 113 of CERCLA or section 7003 of RCRA; (iii) any other claims against DTSC or the State of California arising out of response activities at the Site, including but not limited to nuisance, trespass, takings, equitable indemnity and indemnity under California law, or strict liability under California law.

12. Except as expressly provided herein, nothing in the Stipulation and [Proposed] Order is intended nor shall it be construed to preclude the Department from exercising its authority under any law, statute or regulation. Furthermore, nothing in the Stipulation and [Proposed] Order is intended, nor shall it be construed, to preclude any other state agency, department, board or entity or any federal entity from exercising its authority under any law, statute or regulation.

13. Nothing in this Stipulation and [Proposed] Order shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree. Each of the parties to this Stipulation and [Proposed] Order expressly reserves all rights (including, but not limited to, any right to contribution, indemnification and/or reimbursement), defenses, claims, remedies, demands, and causes of action which each party may have with respect to any matter, transaction, or occurrence relating in any way to the UMR Site against any person not a party hereto.

14. By this Stipulation and [Proposed] Order Gubler has resolved his liability to the Department for the Judgment in a judicially approved settlement and is entitled to protection from actions and claims to the extent provided by CERCLA section 113(f)(2), 42 U.S.C. section 9613(f)(2).

15. The protection provided above is conditioned upon receipt by the Department of the payment required by this Stipulation and [Proposed] Order.

16. The Department and Gubler stipulate that, in the event that Gubler does not perform his obligations under the Stipulation and [Proposed] Order as set forth above, the Department may take whatever steps are legally authorized to enforce the Judgment.

17. Each signatory to this Stipulation and [Proposed] Order certifies that he or she is fully authorized by the party he or she represents to enter into this agreement, to execute it on behalf of the party represented and legally to bind that party.

18. This Stipulation and [Proposed] Order constitutes the entire agreement between the parties and may not be amended or supplemented except as provided for in the Consent Decree.

19. The Court shall retain jurisdiction of this matter until the requirements of this Stipulation and [Proposed] Order have been fully satisfied.

20. This Stipulation and [Proposed] Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute

one and the same instrument.

IT IS SO STIPULATED:

Dated: 10/20/06

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL

By: JAMES L. TJØSVOLD, P.E.
Chief, Northern California-Central Cleanup Operations Branch
Site Mitigation and Brownfields Reuse Program
Department of Toxic Substances Control

Dated: 10/08/06

MAURICE GUBLER

APPROVED AS TO FORM:

Dated: 10/25/06

BILL LOCKYER, Attorney General of the State of California
THEODORA BERGER
Senior Assistant Attorney General
SUSAN S. FIERING
Deputy Attorney General

By: SUSAN S. FIERING
Deputy Attorney General
Attorneys for the
STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL

Dated: October 8, 2006

RPM LAW GROUP, PC

By: DEVERA L. PETAK, Esq.
Attorneys for Maurice Gubler

one and the same instrument.

IT IS SO STIPULATED:

Dated:

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL

By: ______________________
JAMES L. TJOSVOLD, P.E.
Chief, Northern California-Central Cleanup Operations Branch
Site Mitigation and Brownfields Reuse Program
Department of Toxic Substances Control

Dated: 10/08/06

______________________
MAURICE GUBLER

APPROVED AS TO FORM:

Dated:

BILL LOCKYER, Attorney General of the State of California
THEODORA BERGER
Senior Assistant Attorney General
SUSAN S. FIERING
Deputy Attorney General

By: ______________________
SUSAN S. FIERING
Deputy Attorney General
Attorneys for the
STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL

Dated: October 8, 2006

RPM LAW GROUP, PC

By: ______________________
DEVERA L. PETAK, Esq.
Attorneys for Maurice Gubler

IT IS SO ORDERED: The foregoing order, submitted as a Stipulated "proposed" order, is hereby approved and adopted by the Court, in its entirety, and is hereby made the order of the Court. TAG

Dated December 28, 2006

TERESA A. GOLDNER
Magistrate Judge, United States District Court

DEC-28-2006 THU 07:15 PM USDC CAED BAKERSFIELD FAX NO. 6613274921 P. 08